UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DEON TURNER, JR., | Case No. 1:19-cv-00120-JDP |
| Petitioner, | FINDINGS AND RECOMMENDATIONS THAT PETITION BE DISMISSED FOR LACK OF JURISDICTION |
| v. | |
| WILLIAM JOE SULLIVAN, | ECF No. 1 |
| Respondent. | OBJECTIONS DUE IN FOURTEEN DAYS |
| | ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Steven Deon Turner, Jr., a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Petitioner does not challenge his conviction or sentence. Instead, petitioner claims prison staff has failed to accommodate his religious beliefs. This matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. *See* R. Governing Section 2254 Cases, Rule 1(b); 28 U.S.C. § 2243. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. I recommend the petition be dismissed for lack of jurisdiction. However, petitioner could still seek relief by filing a new 42 U.S.C. § 1983 claim.

**Discussion**

Under § 2254, a writ of habeas corpus is available to prisoners challenging the fact or duration of their confinement. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994). In contrast, if a

favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," the court lacks jurisdiction under this provision. *See Nettles v. Grounds*, 830 F.3d 922, 935-37 (9th Cir. 2016). "Requests for relief turning on circumstances of confinement may be presented in a [42 U.S.C.] § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

Here, petitioner claims that the circumstances of his confinement violate his religious rights, but he does not challenge the fact or duration of his confinement. ECF No. 1. Petitioner claims that he should (1) be provided kosher meals in accordance with his Islamic faith, ECF No. 1 at 1, and (2) be allowed to assemble with others during Ramadan, ECF No. 1 at 9. Petitioner claims that the prison violated his constitutional rights and engaged in retaliation, discrimination, harassment, and intimidation by refusing to accommodate his religious beliefs. *Id*. at 5-7. Petitioner asks the court to declare that his rights have been violated and order that kosher meals be provided. *Id*. at 10. Because these claims are not cognizable under § 2254, they should be dismissed for lack of jurisdiction.

I next consider whether to convert the petition into a § 1983 complaint. "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." *Nettles*, 830 F.3d at 936 (remanding case to district court to consider claim under § 1983). When filing a § 1983 claim, courts require plaintiffs to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs*., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). There is no *respondeat superior* liability—i.e., liability of a

supervisor for acts of a supervisee. Each defendant is only liable for his or her own misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009).

I decline to convert the petition into a § 1983 complaint for two reasons. First, the complaint is not amenable to conversion on its face. Petitioner's allegations about religious discrimination are too conclusory to state a § 1983 claim, and petitioner has named only the warden of his institution as the respondent; petitioner has not named the people who directly committed the affirmative acts or omissions that violated his rights. Second, conversion may be unfair to petitioner. The filing fee for a habeas petition is $5, and if leave to proceed *in forma pauperis* is granted, the fee is forgiven. For civil rights cases, however, the filing fee is $350 plus an administrative fee of $50. Under the Prisoner Litigation Reform Act, the prisoner is required to pay the $350 filing fee, even if he is granted *in forma pauperis* status, by way of deductions from the prisoner's trust account. *See* 28 U.S.C. § 1915(b)(1). If I were to convert this action to a § 1983 action, petition would face the larger filing and administrative fees—which he might prefer not to do.

While I decline to convert the petition, I note that petitioner is free to file a § 1983 complaint. A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Iqbal*, 556 at 678. If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted). The complaint must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

3

**Order**

        The clerk's office is directed to send petitioner a § 1983 complaint form. The clerk of court is directed to assign this case to a district judge who will review the findings and recommendations.

**Findings and Recommendations**

        I recommend that the court dismiss the petition and decline to issue a certificate of appealability. Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, I submit the findings and recommendations to the U.S. District Court Judge presiding over the case. Within fourteen days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   __November 21, 2019__                         _____

                                          UNITED STATES MAGISTRATE JUDGE

No. 206.